IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| KRISTI VAN EATON | § | |
|---|---|---|
| *Plaintiff* | § | |
| | § | CIVIL ACTION NO. 4:21-cv 01156 |
| | § | |
| vs. | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| *Defendant* | § | JURY TRIAL DEMANDED |
| | § | |

# PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, KRISTI VAN EATON, Plaintiff (hereinafter "Plaintiff"), in the above entitled and numbered cause, and files this Plaintiff's First Amended Complaint and Jury Demand, complaining of WAL-MART STORES TEXAS, LLC, Defendants (hereinafter "Defendant"), and for cause of action would respectfully show unto the Honorable Court and Jury the following:

## I.
## PARTIES

1.1    Plaintiff, KRISTI VAN EATON, is an individual residing in Montgomery County, Texas.

1.2    Defendant, WAL-MART STORES TEXAS LLC., is registered to do business in Texas and it may be served with process by delivering a summons and a true and correct copy of

this Complaint to its registered agent for receipt of service of process, CT Corporation System at 350 N St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

## II.
## VENUE AND JURISDICTION

2.1     Venue is proper under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## III.
## FACTS

3.1     On or about December 2, 2020, Plaintiff was an invitee on Defendant's premises. While walking though one of Defendant's store entrances, Plaintiff slipped and fell from wetness that Defendant negligently left on the floor. Defendant failed to warn Plaintiff of this condition and failed to make it safe. As a result of Defendant's conduct, Plaintiff sustained significant and severe injuries.

## IV.
## CAUSES OF ACTION
## NEGLIGENCE/PREMISE LIABILITY

4.1     The incident made the basis of this lawsuit resulted from the improper conduct of Defendant, which proximately caused the injuries and damages to Plaintiff. Plaintiff was an invitee on Defendant's premises. Defendant knew or reasonably should have known of the dangerous condition that posed an unreasonable risk of harm. Defendant owed Plaintiff a duty of reasonable care in the operation and maintenance of their premises. Defendant breached this duty, not limited to the following and including other negligent conduct:

    a. In failing to maintain the premises in a reasonably safe condition;

    b. In failing to warn Plaintiff of the dangerous conditions on the premises;

    c. In failing to inspect the premises so as to discover the dangerous condition that existed; and

    d. In failing to exercise reasonable and ordinary care towards Plaintiff.

Each of these acts and/or omissions above, whether taken singularly or in any combination, constitutes negligence. Defendant's negligence proximately caused injury and damages to Plaintiff, which Plaintiff will continue to suffer in the future and for the remainder of her natural life.

## V.
## DAMAGES

5.1 As a result of the occurrence made the basis of this lawsuit, as detailed above, and as a direct and proximate result of Defendant's negligence, Plaintiff has suffered serious injuries, will likely sustain additional damages in the future and is entitled to recover:

    a. Past medical bills and expenses incurred as a proximate result of the accident that forms the basis of this lawsuit;

    b. Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident that forms the basis of this lawsuit;

    c. Mental anguish, emotional distress, physical pain and suffering and loss of enjoyment of life in the past and in the future;

    d. Lost earning capacity;

    e. Pre-judgment and post-judgment interest; and

    f. Loss of Consortium;

    g. Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

# VI.
# JURY DEMAND

6.1     Plaintiff requests a jury for all issues presented herein and the appropriate jury fee has been paid.

# VII.
# PRAYER

All conditions precedent to Plaintiff's right to sue and to recover actual damages stated herein have been performed or have otherwise occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant answer the allegations herein, and upon trial thereof, Plaintiff have and recover judgment against Defendant for all damages and injuries suffered and incurred, for pre-judgment interest, for interest on the judgment, for court costs, and for such further relief, both in law and equity, that this Court establishes Plaintiff is entitled to.

Respectfully Submitted,

**Adibe Law Group, LLC**

*/s/ Kathy Adibe*

**Kathy Adibe**
TBN: 24104492
FBN: 3620174
13127 Wilde Glen
Houston, TX 77072
Kadibe@adibelaw.com
T:832.899.4244
F:832.218.8987

**ATTORNEY FOR PLAINTIFF.**